**BRYAN CAVE LEIGHTON PAISNER LLP**
Alexandra C. Whitworth, California Bar No. 303046
Ashley C. Bateman, California Bar No. 335198
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070
Telephone:	(415) 675-3400
Facsimile:	(415) 675-3434
E-Mail:	alex.whitworth@bclplaw.com
ashley.bateman@bclplaw.com

Attorneys for Defendant
CITIBANK, N.A.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEYA KANAGARATNAM,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITIBANK, N.A.; CENLAR FSB,<br><br>　　　　　Defendants. | Case No.<br><br>[Alameda County Superior Court Case No. 23CV026283]<br><br>**NOTICE OF REMOVAL OF DEFENDANT CITIBANK, N.A.**<br><br>[Filed concurrently with Civil Cover Sheet, Corporate Disclosure Statement, and Declaration of Alexandra C. Whitworth] |

USA.606551404.2/BI8

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF:**

PLEASE TAKE NOTICE that Defendant CITIBANK, N.A. ("Citibank"), removes this action described below from the Superior Court of California, County of Alameda to the United States District Court for the Northern District of California. As grounds for removal, Citibank states as follows:

**I.      BACKGROUND**

1. Plaintiff Theya Kanagaratnam ("Plaintiff") filed a petition on January 26, 2023, in the Superior Court of California, County of Alameda, Case No. 23CV026283 (the "State Court Petition"). The State Court Petition names "CENLAR FSB" and "CITIBANK, N.A." as defendants.

2. Plaintiff's State Court Petition is not a model of clarity and does not assert any particular causes of action. According to the Petition, Plaintiff owed money to Defendants in relation to a Home Equity Line of Credit. Pet. ¶¶ 5, 6. Essentially, Plaintiff appears to be alleging that the debt she owed to Defendants was paid off twice over such that now Defendants owe Plaintiff money and the HELOC instrument should be cancelled. *See generally* Pet.

3. She alleges that "Respondent CENLAR FSB as the servicer for the original lender CITIBANK, N.A. was issued and received" two, full payments of $71,000 to discharge Plaintiff's debt in the amount of $68,035.43 – first, with a "registered Bill of Exchange," and again, with a "Registered New Credit Agreement Security NOTE Draft." Pet. ¶¶ 5, 6. Accordingly, the amount at issue is at least $139,000.

4. Specifically, Plaintiff alleges that the "registered Bill of Exchange" instrument was addressed to Stephen Gozdan or Current CFO and Payoff Department of CENLAR FSB and sent or received on December 21, 2022 by registered mail. Pet. ¶ 5.

5. Plaintiff next alleges that the "Registered New Credit Agreement Security NOTE Draft" instrument was addressed to Stephen Gozdan or Current CFO and Payoff Department of CENLAR FSB and sent or received on January 9, 2023 by Certified Mail. Pet. ¶ 6.

6. Plaintiff thus seeks as relief (1) "Cancellation, Discharge, and Account Closure of the HELOC within 15 days"; (2) "issue into county records the Cancellation, Release and

Satisfaction of Mortgage Debt Lien Contract Security within 15 days"; (3) "Full Recoupment of all Petitioner's funds estimated at **$80,000** that were paid to Respondents since closing of the HELOC in 2006, all cost of these proceedings, **and Attorney fees of 25%** within 15 days." (Pet. at Prayer for Relief (emphasis added)).

7. Although Citibank disputes that it has any liability to Plaintiff, the allegations contained in the State Court Petition assist in establishing the propriety of removal.

8. Citibank was served with a copy of the State Court Petition by mail, with an effective service date of February 9, 2023.

9. Citibank has not responded to the State Court Petition.

10. The State Court Petition and Notice of Case Management Conference are collectively attached as **Exhibit A** to this Notice. Citibank is informed and believes that Exhibit A constitutes all pleadings, process, and orders in this action at the time of removal.

## II. BASIS FOR REMOVAL

11. "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12. Federal jurisdiction of this action is proper on the basis of diversity jurisdiction under 28 U.S.C. sections 1332 and 1441(b).

### A. Diversity Jurisdiction under 28 U.S.C. § 1332

13. This Court has original jurisdiction on the basis of diversity under 28 U.S.C. § 1332. This is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, the action may be removed to this Court under 28 U.S.C. § 1441(a).

#### i. Complete Diversity Exists Between Plaintiff and Defendants

14. There is complete diversity of citizenship between Plaintiff and Defendants in accordance with 28 U.S.C. § 1332(a)(1).

15. According to her own pleading, Plaintiff resides in California, and resided in California at the time the State Court Petition was filed. *See* Declaration of Alexandra C. Whitworth ("Whitworth Decl.") at ¶ 4; Pet. ¶¶ 1, 2. Thus, Plaintiff is domiciled in California and is a citizen of California for diversity purposes. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] natural person's state citizenship" is "determined by her state of domicile," and "[a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

16. Citibank is a federally chartered National Banking Association, organized and existing under and by virtue of the laws of the United States. Citibank's main office, as set forth in its articles of association, and its principal place of business, is located in Sioux Falls, South Dakota. *See* Whitworth Decl. at ¶ 2. For purposes of diversity jurisdiction, a national bank is a citizen of the State in which its main office, as set forth in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306–07 (2006); *see also Lowdermilk v. U.S. Bank N.A.*, 479 F.3d 994, 997 (9th Cir. 2007) ("Defendant [U.S. Bank] is a citizen of Ohio because its main office is located there." (citing *Schmidt*, 546 U.S. at 305-07)). Thus, for the purposes of diversity jurisdiction, Citibank is a citizen of South Dakota.

17. Cenlar FSB is a mortgage subservicing company, organized and existing under and by virtue of the laws of the United States. Cenlar FSB's headquarters is located in New Jersey. *See* Whitworth Decl. at ¶ 3. As above, for purposes of diversity jurisdiction, a national bank is a citizen of the State in which its main office is located. *See supra* ¶ 15. Thus, for the purposes of diversity jurisdiction, Cenlar FSB is a citizen of New Jersey.

18. Accordingly, there is complete diversity of citizenship between the parties.

### ii. Amount In Controversy Exceeds $75,000

19. Additionally, the amount in controversy exceeds $75,000.

20. In determining the amount in controversy, a court may consider special and general compensatory damages, punitive damages, and attorney fees. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). Statutory damages and civil penalties are also counted toward the amount in controversy. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th

Cir. 1998) (statutory damages and civil penalties should be considered when calculating the amount in controversy for diversity jurisdiction); *see also Saulic v. Symantec Corp.*, No. SACV 07-610 AHSPLAX, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007) ("Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff."). For purposes of measuring the amount in controversy, "a court must assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (alterations in original) (citations omitted)).

21. The crux of Plaintiff's claim is that she paid her alleged debt to Defendants twice, with instruments each worth approximately $70,000. Therefore, the total value of at least $140,000 in alleged payment to Defendants has been placed at controversy by Plaintiff's allegations, exceeding $75,000.

22. Additionally, in her request for relief at the end of the Petition, Plaintiff seeks "Full Recoupment of all Petitioner's funds estimated at $80,000 that were paid to Respondents since closing of the HELOC in 2006, all costs of these proceedings, and Attorney fees of 25% within 15 days." (Pet. at Prayer for Relief). Even without the costs and fees that could be awarded, Plaintiff seeks "full recoupment" estimated at $80,000. Thus, it is clear from the face of the State Court Petition that the amount in controversy exceeds $75,000.

### III.  PROCEDURAL COMPLIANCE

23. The notice of removal must be filed within 30 days of the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1); *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1132–33 (9th Cir. 2011). The 30-day period begins to run when the defendant is formally served with the summons and complaint. *Castro v. JPMorgan Chase Bank*, Case No. 14-CV-1802-WQH-RBB, 2014 WL 5390058, at *3 (S.D. Cal. Oct. 21, 2014). Citibank was served with a copy of the State Court Petition by mail, with an effective service date of February 9, 2023. *See* Whitworth Declaration ¶ 5. Therefore this Notice of Removal is filed within 30 days of service upon Citibank.

24. The State Court Petition was pending before the Superior Court of California for the County of Alameda. Because this Court is the United States District Court for the district embracing the place where the original action was filed, it is the appropriate Court for removal under 28 U.S.C. § 1446.

25. Pursuant to 28 U.S.C. § 1446(a), a copy of the state court file, including the State Court Petition, is attached as **Exhibit A**; Citibank is informed and believes that this constitutes all pleadings, process, and orders in this action at the time of removal.

26. A copy of this Notice of Removal is being served on all parties of record and will be filed promptly with the Clerk of the Superior Court of Alameda County pursuant to 28 U.S.C. § 1446(d).

27. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

28. Plaintiff did not demand a jury trial in the State Court Petition.

29. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Cenlar FSB has consented to removal to this Court. *See* Whitworth Declaration ¶ 6.

30. By removing, Citibank does not concede or make any admission relating to the merit and/or value of Plaintiff's allegations, claims, or damages. Citibank denies the material allegations contained in the State Court Petition, generally and specifically.

A. **Removal to This Court is Proper**

31. This action was originally filed in the Superior Court of Alameda County. Plaintiff's State Court Petition exclusively raises common law causes of action[1] and thus is a removable "civil action" under 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . ."); *In re Kendricks*, 572 F. Supp. 2d 1194, 1197 (C.D. Cal. Aug. 19, 2008) ("State court actions are removable if they have 'the same essentials as original suits permissible

---

[1] While not specified as express causes of action, Plaintiff references breach of contract and fraud, both common law claims.

in District Courts; . . . they can be readily assimilated to suits at common law or equity, and . . . must be diverse citizenship of the parties and the requisite pecuniary amount involved.'" (quoting *Comm'rs. of Rd. Improvement Dist. No 2 v. St. Louis Sw. Ry.*, 257 U.S. 547, 557–58 (1922))).

## IV.    CONCLUSION

32.    Citibank respectfully requests that the above-described State Court Petition be removed from the state court in which it was filed to the United States District Court in and for the Northern District of California, and request further that this Honorable Court issue all necessary orders and process and grant such other and further relief as in law and justice that Citibank may be entitled to receive.

Dated:    March 13, 2023

**BRYAN CAVE LEIGHTON PAISNER LLP**
Alexandra C. Whitworth


By: */s/ Alexandra Whitworth*
         Alexandra C. Whitworth
Attorney for Defendant CITIBANK, N.A.